that's what week2 people vs packing right all right both sides just about ready to proceed all right with both of you step up to the podium and identify yourself for the record those attorneys that are going to argue today good morning my name is Ginger Odom from the office of the state appellate defender I represent the appellate Hakeem Redmond Odom good morning assistant state's attorney Sarah Simpson on behalf of the state of Illinois all right Miss Simpson good morning to you both each side will have approximately 15 minutes to present argument and from that Miss Odom you may save up some time for a vote I'd like to do that all right thank you all right good morning again your honors counsel we made three arguments in the opening brief I'd like to focus here today on the first argument the state misconduct and introducing incompetent evidence that Hakeem Redmond was a gang member and then capitalizing on that misconduct by arguing to the jury and open close and rebuttal arguments that Hakeem was the face of gang warfare I'm happy to entertain questions as to the other two arguments the issue here an argument one is the competency of the gang evidence this competency argument involves three failures on the part of the state Miss Odom you're a little bit issues on whether the trial court incorrectly granted the motion eliminate and whether the prosecution committed prosecutorial misconduct so if you could if we could stay with how the court the trial court erred in granting the state's motion eliminate first I did not argue that the trial court erred in granting the state's motion eliminate that is the state's response to my argument that the prosecutor okay so I didn't mean to say you can play okay so just tell me do you think the trial court was wrong at the motion no your honor and I'll tell you why at the motion and limiting stage the state made a proffer that they would present gang evidence and that this gang evidence was that Hakeem was a gang member and that there were the escalating gang events and that Hakeem had a rep as a gang member had a motive to commit this gang related shooting and the state's proper they never told the trial court how they were going to present this argument and the trial court naturally presumed that the state knows a competent way to introduce gang evidence certainly there are many many cases in Illinois law that presents safeguards about introducing such very prejudicial and inflammatory information so at the point that the state asked the trial court to introduce gang evidence to support its motive for an otherwise inexplicable act the trial court did not have information that this evidence might be incompetent and therefore the court's granting of the motion was not error and when you say incompetence what specifically are you referring to and why is it incompetent okay so the first part is this the incompetence covers the claim that Hakeem Redmond was a gang member the Illinois Supreme Court in Lucas held that the bare assertion of a witness that a defendant is a gang member is insufficient to prove that the defendant actually is a gang member but there was testimony in this case from one of his friends that he knew for years and years that he was a gang member right there was the bare assertion of Saquon Tony that Hakeem was a was a gang member which was exactly what the Luke what the Lucas court for him mr. Tony then go on and explain what was going on between the two sides of the Eisenhower Expressway and the two different gangs um Saquon Tony testified that there were these purported gang escalating gang tensions here again Saquon Tony admitted on cross-examination that he was not present for these for these events therefore sequence testimonies testimony about the gang about the escalating gang tensions was also incompetent so was that objective to that at that moment did the lawyer for the defendant then object in open court and say judge this is incompetent evidence we'd have to strike it or is this are we doing a plane error we're doing plane error yes your honor and it was no objection there was no objection to Saquon Tony's testimony that Hakeem was a gang member or to sequence Tony's hearsay testimony about the escalating why isn't here but he wasn't there he said I wasn't there not there doesn't mean it's hearsay what did he say that was an out-of-court statement offered for the truth of the matter sir what did he say he gave a background every time you give background doesn't mean it's hearsay right okay so and this is precisely the state's argument that it wasn't it wasn't admitted for the truth of the matter asserted but it was admitted for the truth of the matter asserted particularly that Hakeem Redmond was a gang member well it doesn't mean if you say there's two gang wars going on and the reason why that gang war is going on how does that prove that Hakeem Redmond was the shooter it doesn't it's it's background information how is that official background well and in plan maybe because it doesn't put Hakeem Redmond in the best light it's it's not great evidence for the defense but how does that convert to hearsay I'm missing that part okay well it might not it's incompetent and I said it's in here I said it's hearsay in my brief perhaps I misspoke and instead I should say it's incompetent in any event all of the cases that the state why is that happening because it does it's not sufficient to prove that Hakeem Redmond was a gang member it is insufficient to prove the assertion that Hakeem somebody who's known him since he was a little kid and has gone through school with him and has lived in the same neighborhood that somehow is incompetent to say whether he's a gang member or not well all of the cases so I would be confident okay so an admission by Hakeem himself the competency that the question about competency has been answered by Illinois courts in the Williams case in Williams case the the court said that that that self-admission by by a defendant himself would be sufficient to establish that he's a gang member Hakeem did not make this admission evidence testimony by a police expert who is an expert on crimes would be sufficient to testify that Hakeem was a friend can't tell the jury I've known this guy my whole life and he's part of the you know two sixes certainly certainly a friend could testify about a lot of things only that he was a gang member Tony yeah yes ma'am Tony was a member from a rival never than another gang member to say hey he's in a gang too right and this and this is what the state argues right but the state's argument is an aberration from all of the Illinois law has allowed for a member of the defendants own gang to call him a gang member I'm in the UVL he's in the UVL we're in the UVLs together this is not that so Quan Tony says that he's in a rival gang and those Illinois no Illinois that was brought out wasn't it wasn't that all brought out is potential impeachment against Tony was we're in a rival gang you're so it goes to his bias certainly but it also goes to the competency to the admissibility of sequon Tony's testimony that well he is a weight not the admissibility I I would argue that the weight of this at the weight of the identifications were very heavily weighted by sequon Tony's testimony that Hakeem was a gang member if Hakeem is not a gang member then he does not have the motive attributed to by the state and the only evidence here that Hakeem was a gang member came in through the bear lay witness testimony of sequon Tony sequon Tony Hakeem Redmond put in for his own rebuttal other people that have known him saying he's not a gang member he did Daryl Porter said that he knows him he's known him a long time doesn't know if he's a kid then isn't it a question for the jury to determine who they believe you know you're there are many many safeguards in place and there are clear there are clear there there are clear paths to the introduction of gang testimony was this I'm sorry just briefly if I can interrupt was this also missing from the motion for a new trial the motion for new trial said that the opening and closing statements were inflammatory at the relative a the the state in its opening argument on every page of its opening argument called Hakeem Redmond gang member the face of gang warfare etc etc motion for new trial the post trial the both the trial lawyer and the post trial lawyer argued that the gang evidence was inadmissible and it was inflammatory but not admissible so don't we so so this whole game issue is actually bottom down you being able to establish clear right well this court interpreting all the law of Illinois whether or not it was the arguments are flowing from evidence that it's claimed to be inadmissible correct and so what you have to do is show that this was plain air right absolutely okay so so we're really back at the judge's ruling I think in the first instance here you're claiming now that all this evidence that came in was inadmissible but generally if you don't object then hearsay as you're calling it would come in it could be lack of foundation I mean I'm not but no I haven't found a case on point there's there's I'm having a difficult time particularly under fire here framing it in a proper way but you know the Illinois Supreme Court in Resendez defendant was a self-admitted gang member he demonstrated gang signs he threw gang signs were getting colors they had gang tattoos right members of the own of own gang members of my gang tell everybody in the jury that I'm a gang member or a police officer says I just don't think you're you're arguing that the inflammatory arguments are what caused the the problem here that denied your client a fair trial but but we have to really go back to whether or not the evidence that was used by the state was improperly admitted and you're not really arguing I am arguing that wasn't preserved but that argument was absolutely that's why we argued in our opening and reply briefs that this is plain error shall I go into the plain error analysis well under both I'm just saying that so we have a witness who has testified that the defendant is a gang member then he testified in court about all of these things that led up to this shooting that he wasn't present for right but I'm not sure that that you know you're effectively telling us how the court aired and I don't I know I don't think the court did air right I don't think the court near why wasn't the state allowed to argue it evidence that came in without objection right it was not well again at the motion in limine stage the state doesn't stand up and say I'd like to offer incompetent inflammatory evidence that Hakeem Redmond was a gang member and I want to tie him to all these earlier escalating events that the only person I'm going to present to testify about them he wasn't there and I'd like you to overlook that and then I'm going to say that Hakeem Redmond who may or may not so then your argument should really be that this was hearsay it was improperly admitted and that's where they're therein lies the problem well the so the argument goes that the state is charged with knowing how to introduce gang evidence particularly gang evidence because there are so many safeguards in place you know Illinois courts who have said that gang evidence is regarded with considerable disfavor and there's a deep bitter and widespread prejudice against street gangs and gangs are regarded with considerable suspicion so there are many many numerous cases that outline exactly how gang evidence can be admitted and how it can be used in trial now the state's argument hinges on all these cases where the trial court maybe this is what's confusing all of the state's talking about whether or not that the evidence was more prejudicial than probative and those cases are attacking the trial court evaluation about the prejudice and probative evaluation we are not arguing that it's more prejudicial than probative because we're arguing it was not admissible in the first place because it was not competent so before we can ever get to prejudice and probative and talking about what the trial court really argued in your brief that the court erred in allowing the evidence I don't think the court erred and in at the motion and limiting when this when the court said but at some point during the trial court allowed when the evidence is coming in right and I believe that the I did argue that the the defense lawyer was was ineffective for failure to motion for a mistrial at the end of the you know at the time that the sequon Tony took the stand and said hey Hakeem Redmond is a gang member the defense lawyer was was ineffective for failure to leap to his feet immediately and object to that as hearsay or incompetent because it was the search bear assertion of a lay witness because this that was one of the first witnesses at trial the state still had the rest of trial to prove it up and it's not the defense lawyers burden to call attention at that point to the fact that this is all they have is an assertion that Hakeem is is it is it is sequon assertion that Hakeem is a gang member instead once the state closes its case and the defense reviews it and says oh my gosh only sequon Tony says that he was a gang member also sequon wasn't present for all these escalating gang events and if sequon if Hakeem isn't a gang member which hasn't been established then he doesn't have the motive what case are you citing to which would state that Tony a lay witness is incompetent to provide evidence that the Illinois Supreme Court in Lucas that is that's a direct quote and in that case it was and it says that a lay witness cannot testify to a gang membership it says the bearer no it says the bear assertion of a lay witness regarding gang membership is not a stat is not adequate to establish that a different element of the offense that the state needed to establish it was a gang motive absolutely not your honor no certainly not they could have they could have and that's the thing that you know that that because it wasn't a motive motive wasn't an element nonetheless they hammered home gang witness for the very first statement and opening every single page of opening they brought it out in closing argument they brought it out in rebuttal argument so certainly that the state one of the errors that's not alleged here is that inadmissible gang testimony was elicited at trial isn't that true there's not a single argument here except for a page I think it's not even a page two pages sites a single case that inadmissible gang testimony was introduced at the trial that court erred in allowing it you're right that's because we are not arguing that it was a trial court error we are arguing that the prosecutor introduced this evidence knowing the rules about how you get gang evidence in and nonetheless did a workaround on these rules and introduce gang testimony without sufficient indicia right they didn't they didn't say he's a gang member also he was throwing gangs and signals or saquon plus gang colors or saquon plus a self-admission or saquon plus a police expert saquon alone is not sufficient and the state knows how to introduce gang evidence and they didn't do that and other stuff that would have made Saquon Tony's assertion perfectly fine how many people identified Hakeem Redman as the shooter so we have mr. Williams said that he was the shooter mr. Williams was was he was cutting the grass in the neighborhood we don't know if he was a person who lived in the neighborhood he wasn't a gang member no he did not admit to being a gang member Larry Spears who lived across the street identified Hakeem as the passenger in the van through his front door window through security bars through a storm door 50 feet away in an alley when he was already afraid for his fiancee and daughter who are about to return home so he was afraid both of those were stranger identifications which I've cited case law that says that not absolutely certain and again the other not a trial just mr. Williams in the other gentleman mr. Williams saw the shooter and identified the shooter as Hakeem Redmond mr. Spears saw the passenger in the van and identified the passenger in the van as Hakeem okay nobody else at trial identified Hakeem as the shooter sequon said that Hakeem was a passenger in the van also but he ran away and didn't see the shooting he heard the shooting Baja Brayboy recanted her previous alleged identification of Hakeem she said that she wasn't able to see the shooter this was corroborated by Vanessa Bean who stood next to Brayboy in the back enclosed porch area at the time of the shooting they saw the shooting from the same perspective being also step and the first woman you didn't she ended up not testifying before the grand jury that's correct that's correct she was telling the state's attorney that you know that the detectives were were pressuring her pressuring her took her keys and the state's attorney then called in that detective and you know without any warning to miss Brayboy and said hey here's this detective is this the guy who harassed you what did he do what did he say etc so Brayboy never went to the identified identified Hakeem as a person he knew and at trial he testified that his identification was mischaracterized by the state as an identification of the shooter so those were the identification so and all of this was again the weight of this mr. Williams identification may have been influenced by the state's heavy hammering that Hakeem Redmond was a gang member are there any questions on the other issues okay so for these reasons I will preserve my reserve my rebuttal but we ask that you reverse and remand for a new trial without the inadmissible gang evidence good morning it is the court assistant state's attorney Sarah Simpson on behalf of the people of the state of Illinois the gang evidence in this case was properly admitted where it's not only confidence but it was relevant to prove the defendant's motive and intent why didn't I say call a gang expert they have them they're all over the place why wouldn't you just call a gang expert on this why are you relying on a rival gang member to establish his gang membership well he wasn't just a rival gang member he was an eyewitness to portions of this time he was on the scene when it happened and he had a unique knowledge because he not only knew the defendant he knew that he was in a rival gang and he knew the area he had intricate and he had experiences with the defendant as rival gang members so not only not only was he a friend and knew him from his years of schooling but he also testified if you look at even if you look at the question that he's asked first they asked him which is why his testimony was in no way hearsay and was absolutely confident and there's nothing on the record to suggest that it was something that was told to him or something that he just happened to know the question that was asked to him on direct examination was do you know first he said that he was a member of the traveling vice lords and he said he had been one for as long as he remembered his knowledge of defendant they went to school together he had known him for years then the question from the prosecutor was do you know if the defendant belongs to a gang to which he answered immediately the unknowns unknown vice lords and that was and that was his direct knowledge was clear from that answer but then looking at the cross-examination when the defense attorney came up he tried to infer that there was no bad blood between the two that there were friends presumably to show that the defendant wouldn't have had a motive to come in and broad daylight and start shooting at him at Saquon and his colleagues and he asked him did you have any conflicts with the defendant while you were at Manly or in the past and he said and this is this is Saquon's test his response probably had a fight just because my gang and their gang got into it but we never had any personal problems with each other so this witness not only lived in the area knew the gangs knew the defendant and he knew that the defendant was in the other gang because they had had previous gang encounters they had opportunities where as rival gang members their gangs were fighting and as Hakeem explained this escalating gang incidences that culminated in the shooting of the victim were all based on what the gangs perceived as a lack of respect and Saquon had a unique knowledge because it was person he was personally part of this. What about the Lucas case that Ms. Odom relies on? Well that in terms of Lucas the site that she the quote that she used is actually not a quote from Lucas. Lucas does not say that at any and in that portion that cited to the quote that she cited is a quote from the Williams case and several things about the Williams case. One, the defendant replies refers to it quite often in his brief and that case actually is more helpful to the state than it is to the defense and because in Williams as in here the witness that testified to the gang membership in Williams it was the victim's ex-girlfriend and she testified she was also shot at she testified as to the gang membership of the victim the defendant her current boyfriend and a family member and she however at trial like here the only objection was made to the relevance. They never objected to her basis of knowledge for the foundation or competency as the defendant is claiming and the court in Williams found that it was forfeited. They said the fact that you made a relevancy objection to the to the gang motive being offered was precluded. There's no competency objection either at trial or in a pretrial ruling or in the motion for a new trial and that's exactly the situation that we have here where the defendant challenged only the to the basis of knowledge of the foundation of Suquan's testimony. Was there a hearsay objection made at any time? No not at any time. So we are looking at it as a plain error? Absolutely because it was never presented to the court in any format. The pretrial motion eliminate. Isn't there something basically highly prejudicial to begin with when there's gang testimony introduced at trial? Well the thing gangs in general are disfavored and that's been clear. So to the extent that somebody is known to be a gang member that can be prejudicial but the question is whether the whether it goes to a relevant purpose what the defendant can be shown to be a gang member and whether the probative value of that evidence outweighs the prejudicial effect and in this case we're provided a motive for an otherwise inexplicable act where we have testimony that the defendant is acting in concert with two other people in this van casing this area looking for his intended victim and then shooting an essentially innocent victim because the person who was killed had no connection either of these gangs. In broad daylight the jury it's important it's important relevant information to the jury to hear what what motivated the defendant to act this and it goes to show that it's more it's more probative or more you know more probative the defendant was the person who committed these crimes. But just to touch back on the comment about the Lucas case in Williams the court found citing Lucas that the bare assertion of a way witness is not sufficient to establish gang membership however here we don't have the bare assertion of a lay witness. We have a witness who has considerable experience the defendant considerable knowledge about his gang and his gang activities and the defendants gang and the defendants gang. Well where was this language coming from? Williams or Lucas? Williams it's like Sir Lucas but if you look to the Lucas opinion the page that Williams refers to Lucas never says the word lay witness and significantly in Lucas. Does Williams say lay witness? It does but then it found it's a lay witness in describing the black matter law surrounding gang membership. Did Williams say that if you have a bare assertion of a lay witness that's not enough to allow for the introduction of gang evidence and was that all there was in the Williams case? Lucas, sorry, Williams states that proposition of law and cites Sir Lucas however Williams then finds that the issue is forfeited and never and so that is not central to its holding because it never resolves the issue if this woman was sufficient to establish if she had competent testimony and but it goes on to review the preserved issue of whether the woman's testimony this girlfriend's testimony was sufficient was was sufficient to prove motive and they find it was relevant and proper so it upheld her testimony. Is your position here that this is not a case of a bare assertion that someone was in a gang? Absolutely this is a case where this witness was highly knowledgeable about the defendant and about the gang activity. So he was allowed to testify to all that? Absolutely because he wasn't challenged at any time that's correct and that it was also it's our position that there was never a challenge because the defense attorney made a strategic decision not to not to challenge it. And why isn't this evidence that Mr. Tony gave? Why isn't it hearsay? Why isn't it incompetent or why yeah you tell us. Well because there's nothing on the record to show that it was something an out-of-court statement that was told to him proven proven to establish to show the truth of the matter asserted. He counsel sites several ways that courts of hell like Williams lists that people can testify as to gang membership slogans defendants admissions gang crime experts but Williams never said that was an exhaustive list and there are other cases several of the cases that we sat in our brief Morales, Gonzalez, Resendez where people have testified lay that they frequented they hung out with gang members that were saying gang slogans but maybe that person didn't or that they were around a building that was a gang headquarters. So there's nothing in Saquon's testimony to show this is something that was told to him rather if he had been if the counsel had chosen to challenge the basis of his knowledge he would be opening up questioning for Saquon to tell all of the basis of his knowledge. Didn't he acknowledge that he was only there for one bite or something? No and that's a point of contention that a factual correction that we would like to make from counsel's argument and her presentation in the reply brief there were four escalating incidents that Saquon testified to. There was a flashing of money then there was this incident where then they came back and sprayed them with champagne and Saquon threw a stick and then there that escalated and as one of Saquon's friends threw a stick that hit a car that escalated to fistfights and then a shooting with the final shooting being the thing the primary issue here. Saquon absolutely undeniably admits that he flashed money and he was a part of a fistfight. So two of them are on dispute in the record. He admits that he clearly did those things. As to the gunfights when he was asked he said that he wasn't part of that. Okay so from that testimony it can't be said that he wasn't there. I think what the defense attorney interpreted that his closing argument if you look at the defense close the defense attorney kind of chided and poked fun at Saquon for that answer and said oh he can flash money he can spray he can be there for fistfights but he wouldn't hold a gun. So the defense counsel clearly thought that Saquon was minimizing his prior involvement in any kind of shooting. So the quote that the defense is pointing to in its recovery is this one where it spoke about the spraying of champagne incident and to this extent the question that was asked on cross-examination was were you part of the champagne and stuff? And Saquon responded I wasn't out there when it happened. Okay so that's a compound question that's kind of vague and what is when it happened and what is and stuff and so instead of clarifying the defense attorney then just went on and said well were you sprayed by the champagne which makes it which makes it seem that the defense attorney thought he was out there and Saquon said you asked me that. He said well were you sprayed by the champagne and he said no. So despite the fact that this is vague and kind of it also directly contradicts his direct testimony where he answered ten subsequent questions about the champagne incident. He was able to identify the brand of champagne that was sprayed, that his friend threw a stick, the stick hit a car, this incident led to a fistfight. So the defense wants you to take this one quote in the cross and extrapolate it to all of the incidences which just can't be done because it's very clear he was at some of them and then also ignore the direct testimony and we have to look at the whole record here and to the extent that this contradicts his direct testimony we just put forth that he gave a page and a half of testimony fairly detailed about the champagne incident so at most he was, it appears from the record that he was at all four incidences. At most he was out three and his testimony as the court pointed out is really being offered to show these escalating back gang conflicts. We're not the people weren't trying to prove that the champagne incident happened as exactly as he said. The point was to show how these incidences increased in escalated in violence to culminate to the reason that the defendant came in a victim. So that was the real purpose of those but to respond to the defendant's argument that wasn't made at trial it was absolutely based on Zaquan's personal knowledge of these things. And just to touch on the plain-error argument, there are actually a number of eyewitnesses. The evidence in this case was absolutely overwhelming. So you would say that there isn't a possibility that the outcome would have been different? Absolutely not and in this case there was more than just two eyewitnesses to the defendant being the shooter that killed the victim. We had James Williams which there was there's absolutely no inference whatsoever that he had anything to do with gangs. James Williams and even the defense attorney in this closing argument called him a nice guy. He said he's a nice guy, he's a hard-working guy, he was collecting lawn clippings for the people in the neighborhood. And he identified that he was he was able to identify the defendant as the shooter and put the defendant in the front seat passenger spot of that van. And he identified him at a photo array, at a lineup, and at trial. And then you have a kind of combination ID because you have Vanessa Bean was one of the girls on the back porch who saw the shooter get into the front seat passenger position of that van. She couldn't identify the defendant as that person but her testimony was clear that the shooter got into the front seat passenger position of the van. And then you ended up having Larry Spears who hears the shots, looks out, and sees defendant in the front seat passenger spot of that van seconds after the shooting happened. And he identified defendant in a photo array, a lineup, and at trial. So the two of them together kind of form a complete ID if you will. And then we also have Lucia Brayboy who did change her testimony at trial but she was, a handwritten statement of hers was put in where she identified the defendant in a photo array and a lineup as the person who was, she saw shooting that day. So was that introduced as impeachment or substantive evidence? Substantive evidence, yes. So that was introduced substantively. And she did not testify in the grand jury but we did have her substantive signed handwritten statement. In addition we had Darryl Porter who didn't give a handwritten statement but he testified at the grand jury. And his name was Jerome Bennett. And he identified him by a photo array. Was that introduced as impeachment or substantive evidence? Substantive as well. So you're arguing there was maybe four or five eyewitnesses in this case? Four, exactly. Four eyewitnesses plus the quantoni who was able to put the defendant in the front seat passenger position of that van moments before the shooting happened. He didn't see the shooting but he knew defendant and he was able to put all, so he corroborated his position in that van. So there's no way the defendant can make their burden of plain error review here because there was overwhelming evidence. And as the court found in Williams, the error, even if there was, which we would submit there is no error, it wasn't serious enough to affect a substantial right of the defendant. Anything further? No, if there's no further questions, for these reasons and the reasons in our brief, the people of the state of Illinois respectfully request the federal court to affirm the defendant's conviction for first degree murder. All right, thank you. Ms. Odom, rebuttal. Just as one important point, the state is talking about this evidence that the red van was driving around and casing the area and the neighborhood and all of that was attributed to Hakeem. There was an objection to that casing testimony that was stricken. So the whole casing thing, Taquan did testify that he had been warned about a red van, but the reasons why were not allowed in a trial. As to the Williams case, Williams case did not have a single bare assertion by a lay witness. Instead, Williams involved a police police officer testimony. He said he knew that the defendants were gang members because of their tattoos that showed gang insignia and gang initials. The defendants in that case also admitted that they were gang members, and there was information given by the officers about gangs by their informants. So none of the cases, Resendez, Colon, Johnson, Williams, Gonzalez, Morales, Wilder, all of those cases involve far more evidence that a defendant was a gang member than what was presented in this case at trial. Here we have the assertion of a rival gang member that Hakeem was a gang member, and that is not sufficient under any Illinois law to establish that Hakeem was a gang member. Do you agree with counsel's assertion that the statement of Brayboy and the statement of Porter were actually admitted as substantive? Yes, that's correct. That's correct. So would you say that their testimony is somewhat like an eyewitness or not? Well, I would say that because both of them, I mean, Brayboy's testimony that she was harassed or coerced by the police was substantiated by Darryl Porter's by Darryl Porter's trial testimony also. And even beyond that, the weight that was given by the jury to these identifications was certainly impacted by the hammering home that this was a gang member, that he was the face of gang warfare, that he was out to settle a gang rivalry. So I think that the gang evidence permeated every single aspect, every moment of this trial. So it's difficult to weigh, in a vacuum, identification testimony by strangers who were afraid and across distance when the state kept talking about Hakeem being the face of gang warfare. And just briefly about the money flash and the fist fight. Saquon Tony says on page www136 that he wasn't out there for the champagne and the stick throwing when he's asked that. As for the money flash, Saquon is talking about a practice as between these two money. Saquon says he flashes money. But his money flash, he does not testify to a discreet money flash that set off this purported escalating events. And that's the same thing is true for the fist fight. He says in the past he has engaged in fist fights with Hakeem and those things were nothing personal. He does not say that he engaged in this fight, this fight that followed from the initial money fight, money flash. Instead, his testimony established that there were tensions simmering all along. So it's not clear, just as she says, it's not clear that he was or was not there for the money flash. Saquon Tony's testimony explicitly says he was not there, at least for the champagne spray. But your position is that these other descriptions of events really has nothing to do with whether or not his first statement that this defendant is a gang member. That's where you say the flaws. All these other things don't help support what you're saying is a bare assertion that he's in gang. Correct. What I am saying, though, is that if Hakeem is not a gang member, then he does not share a gang motive. Even if these events took place, even if Saquon was present for the money flash and the fist fights and the gun violence and all of those things, his assertion that because it's not sufficient to establish that Hakeem was a gang member, it's not sufficient to establish that Hakeem had a motive, a gang motive, because he wasn't in a gang. And also, Saquon never testified that Hakeem was present at those things, maybe because he wasn't there for them, but he doesn't say who was present. So Hakeem might not have even known about these. And the cases that talk about gang evidence say that the gang to the actions that led to this. And if Hakeem doesn't have an association with the flash and the champagne spraying, the stick throwing and the fist fight and the earlier gunfight, then he also doesn't share the motive of these gangs. So for these reasons, we ask you to reverse and remand for a new trial. Thank you. Thank you both. The case was well-argued, well-briefed, and this court will take the matter under advisement.